JAMES *v.* THE STATE.

Where one having a pistol concealed about his person in one county was legally arrested by an officer in that county and by the latter carried into another county, where the concealed weapon was discovered, the

person thus having the concealed ·weapon and who was arrested and · carried into another county could not be prosecuted and convicted in the latter county for the offense of carrying a concealed weapon.

No. 2969.    JUNE 13, 1922.

Question certified by Court of Appeals (Case No. 12891).

*W. A. James,* for plaintiff in error.

*John S. Wood, solicitor-general,* and *Lindley W. Camp,* contra.

BECK, P. J.  The Court of Appeals certified to the Supreme Court the following question for instructions thereon:  " Where a person is legally arrested by an officer in one county and carried by the officer into another county, can the arrested person be lawfully convicted in the latter county for carrying a concealed pistol in that county, when he had the pistol concealed on his person in the county where he was arrested, but the pistol was not discovered by the officer until the person had been taken into the other county ? "

· The statute which makes the carrying of a concealed pistol a misdemeanor declares that " Any person having or carrying about his person, unless in an open manner and fully exposed to view, any . . pistol . . manufactured and sold for the purpose of offense and defense, shall be guilty of a misdemeanor." Penal Code, § 347.  It is also declared in a statute of this State (Penal Code, § 31) that " A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence."  " A crime consists in something more than the commission of an act.  There must be a union of act and intention." *Owens* v. *State,* 120 *Ga.* 296 (48 S. E. 21).  There must not only be an act done which is forbidden by law, but there must be operating in addition to this and in the act itself an intention to violate the law.  And to render one liable to prosecution in a particular county, the act must have been committed in the county in which the trial for the offense takes place (unless there be a change of venue, according to the statute made and provided in certain cases).  If one, arrested in the county of Douglas by an officer having authority to make the arrest, is carried by the latter into the county of Cobb, he is in a certain sense subject to a vis major; though, of course, that expression is usually applied to an irresistible natural cause.  And it can not be said of a person having a concealed weapon about his person and carried by the

arresting officer into another county, that he voluntarily had or carried about his person a concealed weapon. Suppose that one having a pistol concealed about his person, and being in the State of Alabama but in immediate proximity to the line separating that State from Georgia, should, by some vis major — a hurricane, for example — be hurled into Georgia, be picked up in the county in Georgia to which he was carried by the storm immediately upon his coming to earth, and the concealed pistol be discovered; could he be prosecuted in that county ? It would seem not, unless he continued to keep the pistol concealed for at least some appreciable length of time after recovering the control of his own movements, so as to make the having and carrying of the pistol a voluntary act. As soon as one is arrested by an officer in this State he becomes subject, in regard to his movements and actions, to the officer making the arrest. And where the party referred to in the question propounded by the Court of Appeals was carried into another county, so long as he yielded to the law which the officers were enforcing, he was not responsible for those acts. If he had, in violation of his duty to submit to the officer, regained possession of the pistol by placing his hand upon it or by changing it from one part of his person to another for convenient use, after he got into the county into which he was carried, he would have been liable for prosecution in the latter county. But where the weapon remained just as it was at the time he was arrested, and relatively to which he did no voluntary act, but remained passively in the hands of the officers, he did not violate any law in the county to which he was carried; and some voluntary act (except in the case of criminal negligence) was essential to afford a basis for a criminal charge. The question propounded by the Court of Appeals is therefore answered in the negative.

*All the Justices concur.*